IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| DAVID ALLEN ROWE,<br>    Petitioner, | )<br>)<br>) |
| v. | )    Civil Action No. 1:07-0283 |
| DAVID BALLARD, Warden, *et al.*,<br>    Respondent. | )<br>)<br>) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's Motion for Partial Summary Judgment (Document No. 15.), filed on October 15, 2008. Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court deny Petitioner's Motion for Partial Summary Judgment as premature.

**PROCEDURE AND FACTS**

On May 7, 2007, Petitioner, acting *pro se* and incarcerated at Mount Olive Correctional Complex, Mount Olive, West Virginia, filed his Application to Proceed *in Forma Pauperis* and Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody.[1] (Document No. 1.) As grounds for *habeas* relief, Petitioner alleges as follows:

    A.    West Virginia Code § 61-8D-5(a)(1988) is unconstitutionally vague.

    B.    Petitioner was denied the meaningful and effective assistance of counsel as guaranteed by the Sixth Amendment of the Constitution of the United States of America.

    C.    Petitioner was denied a fair and impartial jury trial as secured by the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

>> of America by the admission of evidence regarding legal conduct of petitioner and the alleged victim in other jurisdictions.

(Id., pp. 4 - 15.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) The undersigned entered his Proposed Findings and Recommendation on December 20, 2007, recommending that Petitioner's Application to Proceed *in Forma Pauperis* be denied because Petitioner made an inadequate showing of indigency. (Document No. 8.) On January 17, 2008, Petitioner paid the required $5.00 filing fee. (Document No. 9.) By Memorandum Opinion and Order entered on March 5, 2008, the District Court adopted the undersigned's Proposed Findings and Recommendation and referred the matter back to the undersigned for further proceedings. (Document No. 10.) On September 11, 2008, Petitioner filed a "Motion to Refer Petition to Magistrate Vandervort."[2] (Document No. 13.) On October 15, 2008, Petitioner filed a "Motion for Partial Summary Judgment." (Document No. 15.) Specifically, Petitioner claims that he is entitled to partial summary judgment "on the basis that (a) WV Code § 61-8D-5(a) violates the Due Process Clause of the Fifth and Fourteenth Amendments to the Constitution of the USA, and (b) WV Code § 61-8D-5(a) violates the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the USA." (Id., p. 19.) In support of this Motion, Petitioner argues that he was improperly "adjudicated a factual guardian" of the victim. (Id., p. 17.) Petitioner contends that he was no longer the guardian of the victim at the time of their alleged consensual sexual relationship because the victim was emancipated and living in Las Vegas, Nevada. (Id., pp. 9 - 10, 12.) Finally, Petitioner contends that "West Virginia Code § 61-8D-5(a) is

---

[2] By separate Order, the undersigned has this day denied as moot Petitioner's "Motion to Refer Petition to Magistrate VanDervort."

unconstitutionally overbroad because the statute criminalizes private, non-commercial, consensual sexual conduct by American citizens over sixteen years of age." (Id., p. 3.) Petitioner states "[i]f an individual becomes an adult in sexual matters after his or her sixteenth birthday, the statutorily prescribed age of consent, then the prosecution of petitioner violates the constitutional right to privacy possessed by J.M. and petitioner." (Id., p. 11.) Thus, Petitioner alleges that he and the victim had "a liberty interest in the private, consensual sexual privacy." (Id., p. 3.)

## ANALYSIS

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. The undersigned, however, finds that Petitioner's Motion for Summary Judgment is inappropriate at this time as the Respondent has not yet responded to Petitioner's Petition. By separate Order, the undersigned has this day required Respondent to file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. Furthermore, the undersigned finds that Petitioner's Motion must also be denied in view of Rule 56 of the Federal Rules of Civil Procedure as his Motion does not in any way demonstrate that there are no genuine issues of material fact as required by Rule 56 of the Federal Rules of Civil Procedure. The undersigned, therefore, recommends that the District Court deny Petitioner's Motion for Summary Judgment as it is premature in view of the status of the proceedings in the instant case.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED**

that the District Court **DENY** Petitioner's Motion for Summary Judgment (Document No. 15.), and refer this matter back to the undersigned for further proceedings.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have thirteen (13) days from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: April 20, 2009.

R. Clarke VanDervort
United States Magistrate Judge