```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                          AT BLUEFIELD


DAVID ALLEN ROWE,

        Petitioner,

v.                                   Civil Action No: 1:07-0283

DAVID BALLARD,
Warden

        Respondent.
```

**MEMORANDUM OPINION AND ORDER**

Pending before the court are petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (Doc. No. 1), respondent's motion for summary judgment, (Doc. No. 24), and petitioner's motion for summary judgment. (Doc. No. 80). By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 3). The magistrate judge submitted his proposed findings and recommendation ("PF&R") on July 11, 2013. (Doc. No. 94).

In accordance with the provisions of 28 U.S.C. § 636(b), petitioner was allotted fourteen days, plus three mailing days, in which to file any objections to the PF&R. The court granted petitioner's motion for an extension of time to file objections

1

to the PF&R. (Doc. No. 97). Petitioner timely filed objections to the PF&R on August 19, 2013. (Doc. No. 98). Because petitioner's objections are without merit, the court overrules his objections, accepts the findings contained in the PF&R, and dismisses his petition for a writ of habeas corpus.

I. **Background**

Following a jury trial conducted on January 21-23, 2004, petitioner was convicted of four counts of sexual abuse by a guardian.[1]  State v. Rowe, Criminal Action No. 03-F-186 (Cir. Ct. Mercer Co.). Petitioner appealed and the West Virginia Supreme Court of Appeals refused his appeal. State v. Rowe, Case No. 041603 (W. Va. Dec. 2, 2004).

On July 6, 2005, petitioner filed a petition for a writ of habeas corpus in the Circuit Court of Mercer County. Rowe v. W. Va. Dep't of Corr., Civil Action No. 05-C-437 (Cir. Ct. Mercer Co. Apr. 17, 2006). Petitioner alleged a number of grounds for habeas relief, including: 1) the trial court erred by failing to rule as a matter of law that petitioner was not a "guardian," or, alternatively, by failing to rule the element of "guardian" was not proven beyond a reasonable doubt, and 2) the trial court erred by allowing "intrinsic" evidence of prior acts between petitioner and the victim which were lawful in other

---

[1] The court relies on the PF&R for a detailed summary of the factual background related to petitioner's criminal charges.

states.  Id.  After addressing the merits of his claims, the Circuit Court denied his petition for a writ of habeas corpus by order entered April 17, 2006.  Id.  Petitioner appealed this ruling and, again, the West Virginia Supreme Court of Appeals refused his appeal.  Rowe v. W. Va. Dep't of Corr., Case No. 062739 (W. Va. Jan. 24, 2007).

On May 7, 2007, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner asserts the following grounds for habeas relief as well as a number of arguments related to each:  (1) West Virginia Code § 61-8D-5(1) is unconstitutionally vague and overbroad, as-applied, because the victim had reached the age of consent; (2) that petitioner was denied meaningful and effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution; and (3) that petitioner was denied a fair and impartial jury trial by admission of evidence regarding petitioner's and the victim's conduct in other jurisdictions. (Doc. No. 1).

On June 29, 2009, respondent filed a motion for summary judgment, contending that West Virginia Code § 61-8D-5 is not unconstitutionally vague; that trial counsel was not ineffective; and that the trial court did not improperly admit evidence.  (Doc. No. 26).  Petitioner filed his own motion for summary judgment on July 16, 2012 along with a memorandum in

3

support, arguing that petitioner is entitled to relief as a matter of law. (Doc. Nos. 80, 81).

On July 13, 2013, Magistrate Judge VanDervort issued his PF&R addressing petitioner's petition for a writ of habeas corpus and the parties' cross motions for summary judgment. In the PF&R, Judge VanDervort recommended that the court grant respondent's motion for summary judgment, deny petitioner's motion for summary judgment, and dismiss petitioner's petition for a writ of habeas corpus. Petitioner filed objections to the PF&R, each of which the court addresses in turn.

## II. Petitioner's Objections to the PF&R

Petitioner raises a number of objections to the PF&R, and, by his own admission, these objections relate to arguments made by petitioner in his motion for summary judgment that, according to petitioner, the PF&R does not address. (Doc. No. 98 at 1). Petitioner's first objection to the PF&R concerns his contention that the trial court employed an unconstitutionally vague definition of the term "guardian." Petitioner argues that the PF&R both fails to address and misconstrues his argument, "ignor[ing] evidence of the trial judge's shifting interpretation" of the term's definition. (Doc. No. 98 at 3).

Upon review, the court finds that the PF&R does address this argument. On page 29 of the PF&R, the magistrate judge listed the statutory definition for "guardian" codified in West

4

Virginia Code § 61-8D-1(5). The PF&R then states: "The undersigned finds that the foregoing definition of 'guardian' is not vague. Additionally, the record reveals that the trial court defined 'guardian' by use of the above statutory definition." (Doc. No. 94 at 29). Consequently, the PF&R does not ignore petitioner's argument on this point and the objection is without merit.

Petitioner also argues that the PF&R does not address his argument that the trial court failed to treat the term "guardian" as a technical term and did not interpret the charging statute in line with the rules of lenity or strict construction. (Doc. No. 98 at 4). Petitioner further objects that the trial court referenced evidence of events that occurred outside the time period of the charged conduct to prove that petitioner was the victim's guardian. Id. However, upon review of the record, the court finds that these objections lack merit, as well.

Although the PF&R addresses these arguments briefly, it nevertheless does address these arguments. The PF&R lists the jury instructions given by the trial court and then determines that these instructions are "verbatim to the definition of 'guardian' as set forth in West Virginia Code § 61-8D-1." (Doc. No. 94 at 31). Further, the PF&R concludes that "the trial court instructed the jury that it could 'not consider

5

[Petitioner's] former relationship as her step-father as any proof that he was her guardian.'" Id. As a result, the PF&R finds that the trial court did not err in its instructions and treated the term "guardian" appropriately. Id. Therefore, petitioner's objections with regard to these arguments are overruled because the PF&R addressed petitioner's contentions.

Finally, petitioner argues that the PF&R ignores his claim that the guardian statute was unconstitutional as applied to him, a claim petitioner argues was properly presented and exhausted in state court. (Doc. No. 98 at 5). Furthermore, petitioner argues that the PF&R "is silent on the issue" of his related due process rights and refers the court to the arguments made in his motion for summary judgment. Id. Again, the court finds that petitioner's objection lacks merit.

The PF&R addresses and rejects these arguments. On page 32, the PF&R addresses petitioner's claim that West Virginia's guardian statute is overbroad as-applied to him: "Petitioner appears to argue that West Virginia Code § 61-8D-5 is contradicted by West Virginia Code § 43-8-301 and Lawrence v. Texas" and finds that this claim is without merit. (Doc. No. 94 at 32). Further, the PF&R concludes that petitioner's due process rights were not violated, finding that "[a] criminal statute complies with due process if the statute 'provide[s] adequate notice to a person of ordinary intelligence that his

6

contemplated conduct is illegal.'" (Doc. No. 94 at 27). Because the guardian statute "defined the criminal offense with sufficient definiteness that Petitioner could understand what conduct was prohibited and in a manner that did not encourage arbitrary and discriminatory enforcement," it did not violate his due process rights. As a result, the court finds that the PF&R did not ignore this argument, but addressed and resolved it in a fashion unfavorable to petitioner.

### III. Conclusion

While petitioner argues that the PF&R "does not address [his] most basic and fundamental arguments," the court finds that the lengthy and comprehensive PF&R both addresses petitioner's many arguments and concludes that the law does not support those arguments. Accordingly, the court **OVERRULES** petitioner's objections to Magistrate Judge VanDervort's PF&R. The court **ADOPTS** the factual and legal analysis contained within the PF&R, **GRANTS** respondent's motion for summary judgment, (Doc. No. 24), **DENIES** petitioner's motion for summary judgment, (Doc. No. 80), **DISMISSES** petitioner's petition for a writ of habeas corpus, (Doc. No. 1), and **DISMISSES** this matter from the court's active docket.

The court has additionally considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial

7

showing of a denial of a constitutional right." Id. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

    The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record.

    IT IS SO ORDERED on this 7th day of November, 2014.

                                        ENTER:

                                    David A. Faber
                                    Senior United States District Judge